## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

YA F. WANG,

        Appellant,

    v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
SF-315H-14-0107-I-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ya F. Wang</u>, Bloomington, Indiana, pro se.

<u>James B. Collins</u>, Esquire, Seattle, Washington, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed an untimely petition for review of the initial decision, which dismissed his appeal of his probationary termination for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 The appellant was an Electrical Engineer, GS-07, with the United States Army Corps of Engineers in Seattle, Washington. Initial Appeal File (IAF), Tab 1 at 2. On February 25, 2002, the agency terminated the appellant during his probationary period, effective March 15, 2002, for unsatisfactory performance. *Id.* In the termination letter, the agency informed the appellant of his appeal rights to the Board on the grounds that, "(1) the separation was based on partisan political reasons (political affiliation) or marital status; or (2) the separation was based on race, color, religion, sex, national origin, physical handicap, or age, if such discrimination is raised in addition to (1) above." *Id.* Furthermore, the agency advised the appellant that his appeal must be filed within 20 calendar days of the effective date of the action. *Id.* The appellant filed this appeal more than 11 years later, in November 2013. IAF, Tab 1 at 1.

¶3 The administrative judge issued an acknowledgment order advising the appellant of the burdens of proving Board jurisdiction over his appeal under chapter 75 or over a probationary termination. IAF, Tab 2 at 2-5. After providing the parties with the opportunity to respond to the order, the administrative judge, without holding a hearing, issued an initial decision on January 6, 2014, dismissing the appellant's appeal for lack of jurisdiction.[2] IAF, Tab 6, Initial Decision (ID) at 1, 4. The initial decision, which became final on February 10, 2014, informed the appellant of that finality date and provided him

---

[2] In the acknowledgement order, the administrative judge advised the appellant of his burden of proof to establish timeliness for his delayed filing. IAF, Tab 2 at 5-6. However, because the administrative judge dismissed the appeal for lack of jurisdiction, he did not address the timeliness issue in the initial decision. IAF, Tab 6, Initial Decision (ID) at 2 n.1.

with the address of the Clerk of the Board, in the event that he wished to file a petition for review.  ID at 4-5.

¶4        On February 21, 2014, the appellant untimely filed a petition for review. Petition for Review (PFR) File, Tab 1.  The Clerk of the Board issued a letter informing the appellant that it appeared that his petition was untimely filed, advising him of his burden of proof to establish timeliness, and providing him with a "Motion to Accept Filing as Timely or to Waive Time Limit" form.  PFR File, Tab 2.  In response, the appellant submits a motion to accept his petition as timely.  PFR File, Tab 3.  The appellant alleges that he did not receive a copy of the January 6, 2014 decision until January 22, 2014, due to a change of address on January 10, 2014.  PFR File, Tab 3 at 1.  In addition, he alleges that he filed his petition within 30 days after receipt of the initial decision.  *Id.*  The agency has responded in opposition to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        A petition for review must be filed within 35 days after the date of issuance of the initial decision, or if the party shows he received the initial decision more than 5 days after it was issued, within 30 days of his receipt.  *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay in filing.  *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(f).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely

file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6    Based on our review of the evidence, we find that the appellant's petition for review was untimely filed. It is settled law that an appellant is responsible for notifying the Board of any change of address. *McDonagh v. General Services Administration*, 82 M.S.P.R. 679, ¶ 6 (1999), *aff'd sub nom. McDonagh v. Merit Systems Protection Board*, 232 F.3d 907 (Fed. Cir. 2000) (Table); *West v. Equal Employment Opportunity Commission*, 69 M.S.P.R. 310, 313 (1996); *see* 5 C.F.R. § 1201.26(b)(2) (the parties must notify the appropriate Board office and each other in writing of any change of address). Further, an appellant is responsible for ensuring the timely forwarding of his own mail and is held responsible for any neglect in this regard. *McDonagh*, 82 M.S.P.R. 679, ¶ 6.

¶7    In asking the Board to deem his petition timely, the appellant asserts that he changed his address and did not timely receive the initial decision, but he does not claim that he contacted the Board to update his mailing address. PFR File, Tab 3 at 1. The appellant's failure to fulfill his responsibility does not constitute excusable negligence but, rather, indicates a lack of due diligence on his part. *See, e.g.*, *Wrighten v. Department of the Army*, 92 M.S.P.R. 71, ¶¶ 4-5 (2002) (citing *Szafranski v. New York State College of Optometry*, 68 M.S.P.R. 183, 185 n.2 (1995) (appellant's recent change of address did not constitute good cause for waiver of the deadline for filing petition for review where he did not notify the Board of the change of address)) (failure to notify the Board of a change of address is not excusable negligence). Thus, we DISMISS the petition for review as untimely filed with no showing of good cause for the delay. 5 C.F.R. § 1201.114(f).

¶8    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding the probationary termination appeal.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991). If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of

---

[3] The appellant's petition for review is deficient in that it provides no legal argument or citations to the record. In addition, his mere disagreement with the administrative judge's fact findings does not warrant review. *See Ryan v. Office of Personnel Management*, 49 M.S.P.R. 126, 128 (1991).

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.